IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDI KELL o/b/o
ZACHARY STONE BOWEN                                              PLAINTIFF

        v.                Civil No. 05-5125

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                          DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

       The plaintiff in this case, Brandi Kell ("plaintiff"), has appealed the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim on behalf of her minor son, Zachary Stone Bowen ("claimant"), for supplemental security income benefits ("SSI"), under section 1602 of Title XVI, 42 U.S.C. § 1381a. Both parties have filed appeal briefs (Docs. 7, 8). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

       The history of the administrative proceedings is contained in the ALJ's written decision and will not be recounted here except as necessary.

       The plaintiff asserts disability due to claimant's asthma, attention deficit hyperactivity disorder ("ADHD"), hearing loss and behavior problems. The issue before this Court is whether the Commissioner's decision is supported by substantial record evidence. Specifically, the plaintiff asserts the ALJ erred in failing to: consider the claimant's impairments in combination; accord proper weight to the claimant's treating physicians; and, fully and fairly develop the record.

AO72A
(Rev. 8/82)

In determining the plaintiff's claim, the ALJ followed the sequential evaluation process, set forth in 20 C.F.R. § 416.924. Under this standard, a child must prove that he has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 1382c(a)(3)(c)(i); 20 C.F.R. § 416.906.

When passing the law, as it relates to children seeking SSI disability benefits, Congress decided that the sequential analysis should be limited to the first three steps. This is made clear in the House conference report on the law, prior to enactment. Concerning childhood SSI disability benefits, the report states:

> The conferees intend that only needy children with severe disabilities be eligible for SSI, and the Listing of Impairments and other current disability determination regulations as modified by these provisions properly reflect the severity of disability contemplated by the new statutory definition.... The conferees are also aware that SSA uses the term "severe" to often mean "other than minor" in an initial screening procedure for disability determination and in other places. The conferees, however, use the term "severe " in its common sense meaning.

*See* 142 Cong. Rec. H8829-92, 8913 (1996 WL 428614), H.R. Conf. Rep. No. 104- 725 (July 30, 1996).

Consequently, under this evaluation process, the analysis ends at step three with the determination of whether the child's impairments meet or equal any of the listed impairments. More specifically, a determination that a child is disabled requires the following three-step analysis. *See* 20 C.F.R. § 416.924(a). First, the ALJ must consider whether the child is engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). If the child is so engaged, he or she will not be awarded SSI benefits. *See id.* Second, the ALJ must consider whether the child has a severe

impairment. *See* 20 C.F.R. § 416.924(c). A severe impairment is an impairment that is more than a slight abnormality. *See id.* Third, if the impairment is severe, the ALJ must consider whether the impairment meets or is medically or functionally equal to a disability listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). *See* 20 C.F.R. § 416.924(c). Only if the impairment is severe and meets or is medically or functionally equal to a disability in the Listings, will it constitute a disability within the meaning of the Act. *See* 20 C.F.R. § 416.924(d). Under the third step, a child's impairment is medically equal to a listed impairment if it is at least equal in severity and duration to the medical criteria of the listed impairment. *See* 20 C.F.R. § 416.926(a). To determine whether an impairment is functionally equal to a disability included in the Listings, the ALJ must assess the child's developmental capacity in six specified domains. *See* 20 C.F.R. § 416.926a(b)(1). The six domains are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and, (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). *See also*, *Moore ex rel. Moore v. Barnhart*, 413 F.3d 718, 722 n. 4 (8th Cir.2005).

If the child claiming SSI benefits has marked limitations in two categories or an extreme limitation in one category, the child's impairment is functionally equal to an impairment in the Listings. *See* 20 C.F.R. § 416.926a(d). A marked limitation is defined as an impairment that is "more than moderate" and "less than extreme." A marked limitation is one which seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(2). An extreme limitation is defined as "more than marked", and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate,

-3-

sustain or complete activities. Day-to-day functioning may be very seriously limited when an impairment(s) limits only one activity or when the interactive and cumulative effects of the impairment(s) limit several activities. *See* 20 C.F.R. § 416.926a(e)(3).

**Discussion:**

This court reviews a decision by an ALJ "to determine whether it is supported by substantial evidence on the record as a whole." *Ellis v. Barnhart*, 392 F.3d 988, 993 (8th Cir.2005); *Bailey v. Apfel*, 230 F.3d 1063, 1065 (8th Cir.2000); 42 U.S.C. § 405(g). Our scope of review is narrow; we must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir.2003); *Qualls v. Apfel*, 158 F.3d 425, 427 (8th Cir.1998). Substantial evidence is relevant evidence that reasonable minds might accept as adequate to support the decision. *Hunt v. Massanari*, 250 F.3d 622, 623 (8th Cir.2001). The issue on appeal is whether there is substantial evidence to support the ALJ's determinations under the three-step sequential test. The undersigned employs the same three-step sequential process as the ALJ to evaluate the evidence and the alleged disability. Because plaintiff does not contest the ALJ's finding regarding substantial gainful activity, we bypass the first step. Under the second step, the ALJ found that the claimant has asthma, a "severe impairment" as that term in contemplated in the regulations (T. 12). Consequently, the pivotal issue remains the third step, namely, whether there is substantial evidence in the record to support the finding that claimant's impairment does not rise to the medical or functional level of severity necessary to equal a disability listed in Appendix 1 of 20 C.F.R. § 404, Subpart P. *See Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir.2003).

AO72A
(Rev. 8/82)

The regulations provide:

(a) *Basic considerations.* We consider all relevant information (*i.e.,* evidence) in your case record. The evidence [] may include information from medical sources, such as your pediatrician, other physicians, psychologist, or qualified speech-language pathologist; other medical sources not listed in § 416.913(a), such as physical, occupational, and rehabilitation therapists; and nonmedical sources, such as your parents, teachers, and other people who know you.

   *(1) Medical evidence -- (i) General.* Medical evidence of your impairment(s) must describe symptoms, signs, and laboratory findings. The medical evidence may include, but is not limited to, formal testing that provides information about your development or functioning in terms of standard deviations, percentiles, percentages of delay, or age or grade equivalents. It may also include opinions from medical sources about the nature and severity of your impairments. (*See* § 416.927).

   *(ii) Test scores.* We consider all of the relevant information in your case record and will not consider any single piece of evidence in isolation. Therefore, we will not rely on test scores alone when we decide whether you are disabled. (*See* § 416.926a(e)) for more information about how we consider test scores.

20 C.F.R. § 416.924a(a)(1)(i)-(ii).

At the time of the administrative due process hearing, the claimant was 4 years old (T. 203). Plaintiff testified at the hearing, and was represented by counsel (T. 201-212). The administrative hearing was conducted on April 20, 2004, after which the ALJ issued his written decision, dated November 3, 2004 (T. 11-21). Additional evidence was submitted to, and considered by the Appeals Council (T. 195-198). However, on May 6, 2005, the Appeals Council denied the plaintiff's Request for Review (T. 3-5).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. *See Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide

whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir.1997). Thus, we have performed this function with respect to the newly submitted evidence. *Id.; Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

As has been noted, there are several ways to demonstrate that a child is disabled. *See* 20 C.F.R. § 416.926a(b). If the ALJ had found that the claimant had an extreme impairment in one functional area or marked impairments in two functional areas, then he would have been entitled to benefits. *See* 20 C.F.R. § 416.926a(d).

With respect to the six domains, the ALJ found: acquiring and using information, no limitations; attending and completing tasks, no limitations; interacting and relating with others, no limitations; moving and manipulating objects, no limitations; caring for yourself (self-care), no limitations; and, heath and physical well-being, less than "marked limitations" (T. 16-19).

The administrative record reveals numerous reports of: asthma (T. 208, 130, 140, 168, 167, 181, 180, 177-178, 152, 148, 205, 211, 126, 170); ADHD (T. 205, 211, 210, 197, 64, 76, 102); behavior problems (T. 206, 211, 130, 205, 207, 209-210, 63, 77, 95); and, hearing difficulty (T. 204-205, 129, 167, 166, 159, 174, 161, 158, 194, 177-178, 152, 211, 59, 77, 95, 143, 164).

-6-

With respect claimant's asserted ADHD, or short attention span, the ALJ found:

> In this domain, the child has no limitations. At the hearing, Ms. Kell testified that Zachary has problems listening, that his attention span is short and that he will pay attention for only a short time to watch television. Ms. Kell reports in Exhibit 4E that the claimant can pay attention to television, music, reading aloud or games for about 15 minutes. As was noted previously, Ms. Alderson reported in Exhibit 9E that the claimant has a very short attention span and that the end of the year testing took three times longer to complete than with other children. However, the undersigned notes that Dr. Schaefer's records do not reflect that Ms. Kell has reported this problem to him, and his records do not reflect any observations of difficulties in this area. The undersigned notes that the claimant's attorney submitted a letter subsequent to the hearing dated September 1, 2004, wherein she states that Zachary had been scheduled for ADHD testing by Dr. Schaefer but that Dr. Schaefer had cancelled the examination because he felt the claimant was too young for any significant ADHD testing. While it is certainly possible that Dr. Schaefer did not conduct the testing because of Zachary's age, it is also possible, although not established, that he did not complete the testing because he had not seen evidence of behavior warranting this examination. Nevertheless, as was stated previously, Dr. Schaefer's records do not mention any problems with Zachary's behavior or attention/concentration. (T. 16-17.)

The ALJ further relies upon the fact that the plaintiff does not list ADHD as an impairment in the application for SSI, nor did the record reflect that the plaintiff mentions this impairment when the claimant saw Dr. Rosenschein on April 24, 2003. Finally, the ALJ notes that the claimant was able to complete several hearing tests, responding appropriately to the persons administering those tests. (T. 17.)

After the ALJ issued the decision on November 3, 2004, Evelyn E. Brooks, plaintiff's attorney submitted a letter to the Appeals Council on December 20, 2004. In this letter, Ms. Brooks notes that the claimant had been receiving counseling since May 2004; had been diagnosed with Attention-Deficit Hyperactivity Disorder, combined type; had been prescribed Strattera by Dr. Lance Foster, MD for the ADHD; and was receiving weekly individual and family therapy. (T. 195-196.) In support, Ms. Brooks attached a December 3, 2004 letter from Amanda L. Schroeder,

AO72A
(Rev. 8/82)

a licensed social worker, who outlined the diagnosis and treatment the claimant was receiving for ADHD. (T. 197.) A report from claimant's teacher was also included with the letter to the Appeals Council. The teacher reports that the claimant has expressed several attention-based problems, such as not paying attention to the teacher, not attending to work at his desk, talking out of turn, and not following directions. (T. 198.) None of this information was before the ALJ when he issued his decision, determining that claimant had no limitations as to the asserted ADHD. It appears, however, that claimant began the therapy prior to the November 2004 issuance of the ALJ's opinion, and it may be that the ADHD diagnosis was made prior to November 2004, as well.

This evidence, which the undersigned must consider, in conjunction with evidence which was before the ALJ when he rendered his decision causes this court to find that this matter should be remanded. Specifically, this additional evidence contradict's the ALJ's suspicions that no ADHD testing was done because Dr. Schaefer did not notice any symptoms of ADHD.

Based on the foregoing, the undersigned finds that the ALJ's decision is not supported by substantial evidence of record, which now includes the evidence submitted to the Appeals Council. Further, the undersigned finds that there is a reasonable likelihood that this new and material evidence would have changed the ALJ's decision, particularly with respect to the determination that the claimant suffers no limitations pertaining to ADHD.

On remand, the ALJ should further develop the record by obtaining the medical and other records relating to the claimant's diagnosis, the therapy claimant was receiving, and the medications the claimant was prescribed by Dr. Foster. *See Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (it is duty of ALJ to develop record fully and fairly, even if claimant is represented by counsel).

The undersigned acknowledges that the ALJ's decision may be the same after proper

AO72A
(Rev. 8/82)

analysis. Nonetheless, proper analysis and consideration must occur. *See Groeper v. Sullivan*, 932 F.2d 1234, 1239 (8th Cir. 1991).

**Conclusion:**

Accordingly, the decision of the ALJ, denying benefits to the plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true in light of the additional evidence submitted to the Appeals Council, which was not before the ALJ when he rendered his decision. This matter should be remanded to the Commissioner for further consideration.

DATED this 22nd day of September 2006.

                 **/s/ Beverly Stites Jones**
                 _____
                 HON. BEVERLY STITES JONES
                 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)